# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| **KEVIN ARTHUR BROWN,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 7:18CV00604 |
| | ) | |
| v. | ) | **OPINION** |
| | ) | |
| **BERK ARTRIP,** | ) | By: James P. Jones |
| | ) | United States District Judge |
| Defendant. | ) | |
| | ) | |

*Kevin Arthur Brown, Pro Se Plaintiff.*

The plaintiff, Kevin Arthur Brown, a Virginia inmate proceeding pro se, filed this action under 42 U.S.C. § 1983, alleging that a prison official exposed him to a risk of being burned by hot water pipes. After review of Brown's submissions, I conclude that this action must be summarily dismissed.

At the time he filed this case, Brown was confined at the Appalachian Detention and Diversion Center ("ADDC"). The defendant is Berk Artrip, an official at ADDC. Brown's allegations are sparse. He alleges that Mr. Artrip removed the insulation from around the hot water pipes to the radiators in the inmates' sleeping quarters. Brown states, "I have been burned by this pipe several times as it is right beside my locker and I continue to get burned on a regular basis. This pipe carries water of up to 200 degrees and it is very dangerous and Mr.

Artrip refuses to reinsulate the pipes." Compl. 3, ECF No. 1. Brown's attachments include a request form he wrote in October 2018, asking to have the pipes repaired. In response, Artrip wrote, "The insulation on the pipes has been repaired several times and still offenders continued to tear it away to hide contraband in them. I ordered it to be taken off. You realize that it is hot so stay away from it." Compl. Attach. 1, ECF No. 1-1. Brown seeks monetary and injunctive relief.

The court is required to dismiss any action or claim filed by a prisoner against a governmental entity or officer if the court determines the action or claim is frivolous, malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915A(b)(1). Section 1983 permits an aggrieved party to file a civil action against a person for actions taken under color of state law that violated his constitutional rights. *See Cooper v. Sheehan*, 735 F.3d 153, 158 (4th Cir. 2013).

The Eighth Amendment protects prisoners from cruel and unusual living conditions. *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). "In order to establish the imposition of cruel and unusual punishment, a prisoner must prove two elements—that the deprivation of a basic human need was *objectively* sufficiently serious, and that *subjectively* the officials acted with a sufficiently culpable state of

mind." *Shakka v. Smith*, 71 F.3d 162, 166 (4th Cir. 1995) (emphasis added).[1] "[O]nly those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation." *Id.* "[T]he ordinary discomfort accompanying prison life is part and parcel of the punishment those individuals convicted of criminal offenses endure as recompense for their criminal activity." *Id.* Thus,

> to demonstrate that a deprivation is extreme enough to satisfy the objective component of an Eighth Amendment claim, a prisoner must "produce evidence of a serious or significant physical or emotional injury resulting from the challenged conditions," . . . or demonstrate a substantial risk of such serious harm resulting from the prisoner's unwilling exposure to the challenged conditions.

*Id.* Brown has not satisfied either the objective facet or the subjective facet of his Eighth Amendment claim here.

At the most, Brown alleges that because his locker is close to the pipe, sometimes he forgets to avoid the hot surface of the pipe, accidently touches it, and burns himself. He states no facts suggesting that he or any other inmate has suffered, or is likely to experience, serious physical harm from the uninsulated water pipes. Moreover, Brown is no longer confined at ADDC and, thus, his claim for injunctive relief to have the pipes reinsulated is now moot. *See Rendelman v. Rouse*, 569 F.3d 182, 186 (4th Cir. 2009) ("[A]s a general rule, a prisoner's

---

[1] I have omitted internal quotation marks, alterations, and citations here and throughout this opinion, unless otherwise noted.

transfer or release from a particular prison moots his claims for injunctive . . . relief with respect to his incarceration there.").

Furthermore, Brown has not stated facts to show that Artrip, subjectively, acted with deliberate indifference by removing the insulation. To prove deliberate indifference, Brown must state facts showing that Artrip knew leaving the pipes uninsulated presented a substantial or excessive risk of serious harm and, nevertheless, failed to take "reasonable measures" to alleviate that risk. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Brown makes no such showing. Brown knows the insulation is gone and is, thus, on notice to take care and avoid burning himself on the bare pipes. He fails to show any serious injury from touching the pipes. As such, Brown cannot show that Artrip *knew* of an excessive risk of serious harm posed by the bare pipes. *See, e.g., Planker v. Christie*, Civil Action No. 13-4464 (MAS), 2015 WL 268847, at *23 (D.N.J. Jan. 21, 2015) (finding no constitutional conditions claim where inmate knew copper pipe in shower delivered hot water and burned his hand by touching that pipe).

For the stated reasons, I will summarily dismiss this action under § 1915A(b)(1) without prejudice for failure to state a § 1983 claim upon which relief can be granted. Dismissal of the case without prejudice leaves Brown free to refile his claims in a new and separate civil action if he can overcome the noted deficiencies.

A separate Order will be entered herewith.

DATED: February 4, 2019

/s/ James P. Jones
United States District Judge